```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  EASTERN DIVISION
```

ANCE HARRIS                                           PLAINTIFF

VS.                                CIVIL ACTION NO. 4:06CV91LR

WILLIAM FROST, JR. AND
CUBA TIMBER COMPANY                                  DEFENDANTS

<u>ORDER</u>

This cause is before the court on plaintiff Ance Harris's motion to remand.  Defendant Cuba Timber Company has responded in opposition to the motion and the court, having considered the memoranda of authorities, submitted by the parties, concludes that plaintiff's motion is well taken and should be granted.  Plaintiff filed this suit seeking to recover damages for injuries sustained in an automobile accident in which her vehicle was struck by a vehicle owned by Cuba Timber Company and operated by William Frost, Jr.  Cuba Timber Company, the diverse defendant, asserts in its notice of removal that since Frost was working within the scope of his employment when the accident occurred, he is not a proper defendant and hence has been fraudulently joined.  The fact that Cuba Timber Company may be vicariously liable for any negligence of its employee acting in the course and scope of his employment does not absolve the employee of liability for his own acts.  The court thus cannot conclude that Frost has been

fraudulently joined.  See Wheeler v. Frito-Lay, Inc., 743 F. Supp. 483, 486 (S.D. Miss. 1990) (driver of truck involved in accident giving rise to the cause of action was not fraudulently joined since under Mississippi law, driver could remain personally liable for conduct giving rise to the accident even if it occurred within the scope of his employment for the company which owned the truck).

    Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

    SO ORDERED this 7th day of September, 2006.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE